United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10546
Conference Calendar

EDWARD LIONEL BLAKE,

Petitioner-Appellant,

versus

DAN JOSLIN,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2519
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edward Lionel Blake, federal prisoner # 79357-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, in which he challenged the career offender enhancement applied to his sentence for conspiring to possess cocaine base with intent to distribute and for possessing cocaine base with intent to distribute. He asserts that his petition satisfies the criteria of the 28 U.S.C. § 2255 savings clause because his prior burglary offenses did not meet the generic definition of "burglary" and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus did not constitute crimes of violence, pursuant to <u>Shepard v. United States</u>, 544 U.S. 13 (2005).

Blake is required to show that his claim is based on a retroactively applicable Supreme Court decision which establishes that the offense of conviction no longer qualifies as a violation of law. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Blake also must show that his claim was barred by circuit precedent at the time of his direct appeal or original § 2255 proceeding. <u>See</u> <u>id.</u> He has not made the requisite showing. Accordingly, the district court's dismissal of Blake's § 2241 petition is AFFIRMED.